IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-339-JJF |
| | : | |
| ONE 2002 CHEVROLET TAHOE LS, | : | |
| VIN #1GNEC13ZX2R264796; and | : | |
| SIXTEEN THOUSAND DOLLARS AND | : | |
| NO CENTS ($16,000.00) IN | : | |
| UNITED STATES CURRENCY, | : | |
| | : | |
| Defendants. | : | |

Douglas Edward McCann, Esquire of
UNITED STATES ATTORNEY'S OFFICE, Wilmington, Delaware.
Attorney for Plaintiff.

Charles M. Oberly, III, Esquire of
OBERLY, JENNINGS, & RHODUNDA, P.A., Wilmington, Delaware.
Attorney for Claimant.

## MEMORANDUM OPINION

March 8, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff United States' Motion To Strike The Answer (D.I. 10) and Claimant's Motion To Dismiss (D.I. 15). For the reasons discussed, Plaintiff's Motion (D.I. 10) will be denied and Claimant's Motion (D.I. 15) will be denied as moot.

I. BACKGROUND

The following facts are alleged in the Government's Verified Complaint In Rem (D.I. 1). On December 21, 2004, Detective Don Pope of the Delaware State Police stopped two cars allegedly involved in a road rage incident. Detective Pope asked the two drivers to wait until uniformed officers arrived to handle the situation. When the officers arrived, they arrested Ivan Meickle, the driver of Defendant In Rem Chevrolet Tahoe, for reckless endangering and other traffic offenses. Upon a search of Mr. Meickle's person, the officers discovered $721.00 and a bag containing marijuana. Upon searching the car, the officers located $16,000.00 inside the center console and an electronic scale, which Mr. Meickle admitted was used for weighing drugs.

On February 16, 2005, Vincent Charran ("Claimant") filed a claim with the Drug Enforcement Administration ("DEA") for the Chevrolet Tahoe and the $16,000.00. Claimant contends that on December 21, 2004, he and his fiancée were arguing and the police were called to his house. Claimant, out of fear that the money

1

he had saved and borrowed for a new house would be taken, placed the money in the center console of his Chevrolet Tahoe. Later that evening, after Claimant had already gone to bed, Mr. Meickle asked to borrow Claimant's car and Claimant, half-asleep agreed, not concentrating on the fact that the console still contained the money.

The Government filed its Verified Complaint In Rem (D.I. 1) on May 27, 2005. A Warrant For Arrest In Rem And Summons (D.I. 3) was subsequently issued. Claimant filed his Answer To Plaintiff's Verified Complaint In Rem (D.I. 9) on August 15, 2005, and his Verified Claim on September 8, 2005 (D.I. 13). On August 17, 2005, the Government filed its Motion To Strike The Answer (D.I. 10). Claimant responded by filing its Motion To Dismiss (D.I. 15).

## II. PARTIES' CONTENTIONS

By its Motion, the Government contends that Claimant lacks statutory standing because Claimant failed to file a verified statement identifying his interest in the property. In response, Claimant contends that the Government's Motion should be dismissed because the Government and the Court were put on notice of Claimant's intent to contest the forfeiture.

## III. DISCUSSION

A forfeiture claimant must meet both statutory and Article III standing requirements before it may contest a forfeiture.

<u>United States v. $8,221,877.16 in U.S. Currency</u>, 330 F.3d 141, 150 (3d Cir. 2003). "Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy,' while statutory standing requires claimants to comply with certain procedures." <u>United States v. Contents of Accounts Nos. 3034504504 & 144-07143</u>, 971 F.2d 974 (3d Cir. 1992). The procedures are set out in Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims.[1] Rule C(6) requires a claimant to file a verified statement within 30 days of the date of service of the complaint. <u>Supp. R. For Certain Admiralty & Maritime Claims</u> C(6)(a)(i). A claimant has 20 days from filing the verified statement in which to file an answer to the complaint. <u>Supp. R. For Certain Admiralty & Maritime Claims</u> C(6)(a)(iii).

Strict compliance with Rule C(6) is usually required; however, a court has discretion in deciding whether to strike an answer. <u>RR Caribbean v. Dredge "Jumby Bay,"</u> 147 F. Supp. 2d 378, 382 (D.V.I. 2001). Where the government is on notice of a claim and the claimant's failure is justifiable and has been cured, a court should allow the claim to go forward despite a lack of strict compliance with the rule. <u>United States v. Various</u>

---

[1] While this is not an admiralty or a maritime action, the Supplemental Rules "apply to procedure in statutory condemnation proceedings analogous to maritime actions in rem, whether within the admiralty and maritime jurisdiction or not." <u>Supp. R. For Certain Admiralty & Maritime Claims</u> A.

3

<u>Computers & Computer Equip.</u>, 82 F.3d 582, 585 (3d Cir. 1996) (concluding that claimant had standing because the government had notice of his claim and because his failure to comply with the rules was excused as he was <u>pro se</u>, a prisoner, and ignorant of the rule); <u>United States v. Twenty Two Thousand Seven Hundred Dollars And No Cents</u>, 2002 U.S. Dist. LEXIS 24396, at *5 (D. Del. Nov. 26, 2002) (striking the claimant's answer because he had not taken any action to cure the missing verified statement).

Claimant acknowledges that he did not timely file his verified statement as set forth in Rule C(6). (D.I. 15 at 10). The court concludes, however, that his failure to comply is justifiable. Claimant contends that it was difficult to work with his attorney due to Claimant's psychological impediments and the recent loss of Claimant's child. (D.I. 15 at 11). Furthermore, the Government was on notice of Claimant's claim as early as February 16, 2005, and therefore, the Government will not be prejudiced by allowing the claim to go forward. Finally, Claimant has cured the defect by filing a Verified Claim (D.I. 13). Accordingly, the Court will deny Plaintiff United States' Motion To Strike The Answer.

Alternatively, the Court concludes that, even if it were to strike the answer, the Court would not enter default judgment on behalf of the United States. When an answer is struck due to the failure to comply with Rule C(6), the remedy is the entry of

4

default in favor of the plaintiff. <u>Twenty Two Thousand Seven Hundred Dollars And No Cents</u>, 2002 U.S. Dist. LEXIS 24396, at *5. However, before a court enters a judgment of default, it must consider six factors:

    (1)  the extent of the party's personal responsibility;
    (2)  the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
    (3)  a history of dilatoriness;
    (4)  whether the conduct of the party or the attorney was willful or in bad faith;
    (5)  the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
    (6)  the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

The Court concludes that default judgment should not be entered based on the six <u>Poulis</u> factors. Claimant put the Government on notice in February 2005 that he had a claim against the forfeited property. While Claimant has been slow in responding to the subsequently-filed court action, he did request extensions of time, thereby informing the Government that he intended to pursue his claim. While this may show a history of dilatoriness on the part of Claimant, the Government was also given several extensions of time before it filed this action. Furthermore, there is no evidence that the attorney or Claimant acted in bad faith, only that Claimant had difficulty communicating due to personal problems. Finally, Claimant's

5

claim appears to have some merit based on Claimant's Verified Claim. Accordingly, for this additional reason, the Court will deny Plaintiff United States' Motion To Strike The Answer (D.I. 10).

## IV. CONCLUSION

For the reasons discussed Plaintiff United States' Motion To Strike The Answer (D.I. 10) will be denied and Claimant's Motion To Dismiss (D.I. 15) will be denied as moot.

An appropriate Order will be entered.