IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-339-JJF |
| | : | |
| SIXTEEN THOUSAND DOLLARS AND | : | |
| NO CENTS ($16,000.00) IN | : | |
| UNITED STATES CURRENCY, | : | |
| | : | |
| Defendants. | : | |

Douglas Edward McCann, Esquire of
UNITED STATES ATTORNEY'S OFFICE, Wilmington, Delaware.
Attorney for Plaintiff.

Charles M. Oberly, III, Esquire of
OBERLY, JENNINGS, & RHODUNDA, P.A., Wilmington, Delaware.
Edward Sapone, Esquire of New York, New York.

Attorneys for Claimant.

## MEMORANDUM OPINION

June 7, 2007
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Plaintiff United States' Motion To Strike Claim And Answer Or For Other Sanctions Under FRCP 37 (D.I. 45).  For the reasons discussed, the Motion will be granted in part and denied in part.

## I.   BACKGROUND

The following facts are alleged in the Government's Verified Complaint In Rem (D.I. 1).  On December 21, 2004, Detective Don Pope of the Delaware State Police stopped two cars allegedly involved in a road rage incident.  Detective Pope asked the two drivers to wait until uniformed officers arrived to handle the situation.  When the officers arrived, they arrested Ivan Meickle, the driver of Defendant In Rem Chevrolet Tahoe, for reckless endangering and other traffic offenses.  Upon a search of Mr. Meickle's person, the officers discovered $721.00 and a bag containing marijuana.  Upon searching the car, the officers located $16,000.00 inside the center console and an electronic scale, which Mr. Meickle admitted was used for weighing drugs.

On February 16, 2005, Vincent Charran ("Claimant") filed a claim with the Drug Enforcement Administration ("DEA") for the Chevrolet Tahoe[1] and the $16,000.00.  Claimant contends that on December 21, 2004, he and his fiancée were arguing and the police were called to his house.  Claimant, out of fear that the money he had saved and borrowed for a new house would be taken, placed

---

[1] On April 18, 2006, the Court granted Plaintiff's Motion To Dismiss the Defendant In Rem Chevrolet Tahoe.  (D.I. 28).

1

the money in the center console of his Chevrolet Tahoe.  Later
that evening, after Claimant had already gone to bed, Mr. Meickle
asked to borrow Claimant's car and Claimant, half-asleep agreed,
not concentrating on the fact that the console still contained
the money.

The Government filed its Verified Complaint In Rem (D.I. 1)
on May 27, 2005.  A Warrant For Arrest In Rem And Summons (D.I.
3) was subsequently issued.  Claimant filed his Answer To
Plaintiff's Verified Complaint In Rem (D.I. 9) on August 15,
2005, and his Verified Claim on September 8, 2005 (D.I. 13).  On
August 17, 2005, the Government filed its first Motion To Strike
The Answer (D.I. 10) for the failure of Claimant to timely file a
verified claim.  Claimant responded by filing a Motion To Dismiss
(D.I. 15).  On March 8, 2006, the Court denied both Motions and
the parties commenced discovery.

On November 20, 2006, the parties stipulated to an extension
of discovery until December 15, 2006.  On November 28, 2006, the
Government attempted to take the depositions of Claimant, Mr.
Meickle, and Yomilla Singh, Claimant's girlfriend, in New York at
the offices of Claimant's New York counsel.  None of the
deponents appeared for the deposition although Claimant's New
York counsel was present.  The parties stipulated to another
extension of time for discovery and the Government attempted to
depose the Claimant again, in Delaware, on January 15, 2007.
Again, none of the deponents appeared for the deposition although

2

Claimant's Delaware counsel was present.  On January 17, 2007, a
mediation before the Magistrate Judge was cancelled because
Claimant failed to appear.

## II.  PARTIES' CONTENTIONS

By its Motion, the Government contends that the Court should
strike Claimant's Answer and enter judgment in its favor because
such a sanction is warranted under Fed. R. Civ. P. 37(d)(1) for
Claimant's failure to appear at the noticed depositions and his
dilatory pattern of litigation in this case.  In the alternative,
the Government contends that the Court should extend the time for
discovery for thirty days, order Claimant to appear in Delaware
for a deposition, and award the Government fees and costs
associated with the cancelled depositions.  In response, Claimant
contends that the Government's Motion should be denied because
his failure to attend the depositions and mediation is
justifiable.  Claimant contends that the Court should extend
discovery by thirty days, with no further extensions, to allow
Claimant one last opportunity to be deposed in Delaware.

## III. DISCUSSION

Rule 37(d) allows a court to dismiss an action where a party
has refused to appear for his deposition.  Fed. R. Civ. P. 37(d).
Here, Claimant failed to appear for two scheduled depositions.
Thus, the Court may consider dismissal of Plaintiff's case as a
sanction.  Under Third Circuit case law, "dismissal is a drastic

sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).  In determining whether a punitive dismissal is warranted, a court must consider six factors:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) the effectiveness of sanctions other than dismissal...; and
(6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Court concludes that, in the circumstances, dismissal is not warranted based on the six Poulis factors.  Specifically weighing against dismissal are Claimant's lack of bad faith, the effectiveness of alternative sanctions, and the arguable merit of Claimant's defense based on his Verified Claim.  Claimant has not shown a lack of willingness to cooperate with the Government. Rather, Claimant cites the recent loss of his child and subsequent struggle with alcoholism as an explanation for his failure to appear at the depositions and mediation.  As a remedy, Claimant offers that he will travel to Delaware to appear for a deposition.  The Court concludes that Claimant's failure to appear is sufficiently justifiable so as to avoid the sanction of

4

dismissal.  Accordingly, the Court will deny the Motion to the
extent it requests dismissal of the action.

However, the Court finds that the Government has been
prejudiced by the time and money spent to prepare for three
cancelled proceedings.  Additionally, the Court finds that
further delay of discovery unduly prejudices the Government's
ability to resolve the claims, and therefore, discovery should
not continue indefinitely.  Thus, the Court concludes that the
Government's request for alternative relief is reasonable in the
circumstances.  Accordingly, the Court will grant the
Government's Motion to the extent it requests other sanctions.

## IV.  CONCLUSION

For the reasons discussed, the Court will grant the
Government's Motion to the extent it requests other sanctions and
deny the Motion to the extent it requests dismissal of the
action.  Specifically, the Court will extend the discovery period
for a period of thirty days during which Claimant must appear for
a deposition in Delaware.  Additionally, the Court will award the
Government its reasonable fees and costs associated with the two
depositions for which Claimant failed to appear.

An appropriate Order will be entered.